21 Ill.2d 296 (1961)
171 N.E.2d 640
THE PEOPLE ex rel. NORWEGIAN-AMERICAN HOSPITAL, INC., Petitioner,
v.
HENRY J. SANDUSKY, Judge, Respondent.
No. 36158.
Supreme Court of Illinois.
Opinion filed January 20, 1961.
*297 LORD, BISSELL & BROOK, of Chicago, (JAY M. SMYSER, and WILLIAM C. WINES, of counsel,) for petitioner.
CHRISTY S. BERKOS, of Cicero, (MILES WLODEK, of counsel,) for respondent.
Writ awarded.
Mr. JUSTICE SOLFISBURG delivered the opinion of the court:
This case is a petition for an original writ of mandamus to compel the respondent, Henry J. Sandusky, judge of the town court of Cicero, to vacate his order denying relator's motion for transfer in the case of Silhan v. Norwegian-American Hospital, Inc., pending in said town court and to compel the transfer of said cause to the circuit court of Cook County. We have heretofore granted leave to file the petition for mandamus because we regarded the question presented as one of compelling public importance.
This case is before this court upon the pleadings, which are the petition for mandamus and the respondent's answer with suggestions and prayer that the petition be dismissed. From these pleadings the following facts, all of which are uncontested, appear:
One Joseph Silhan filed suit in the town court of Cicero against Norwegian-American Hospital, Inc., the sole defendant in that suit and the relator in this case. Silhan alleged that due to the negligence of the defendant (relator herein), while Silhan was in the exercise of due *298 care for his safety, he fell from a bed in the defendant's hospital, in which he was a paying patient, and suffered the alleged injuries of which he complained. The defendant's hospital was located and the plaintiff's misfortune took place in Chicago. The defendant was not and is not located, doing business in, or a resident of the town of Cicero. Petitioner filed a timely motion for transfer of the cause from the town court of Cicero to the circuit court of Cook County under section 8 of the Civil Practice Act (Ill. Rev. Stat. 1959, chap. 110, par. 8), asserting, as the grounds for its motion, the fact that it was neither located in, doing business within, or a resident of Cicero and that no part of the transaction involved occurred in that municipality. On September 8, 1960, the respondent, then and still a judge of the town court of Cicero, denied this motion without opinion.
Relator contends that the City Court Act does not bestow upon city, town or village courts jurisdiction to entertain transitory actions where the defendant is not a resident of and does no business in the municipality and no part of the transaction involved in the suit occurred within the municipal limits, and a timely motion to transfer is filed. Relator further contends that this court's original writ of mandamus is appropriate to compel the expunction of the order denying the motion to transfer, and to compel the transfer of the case.
Respondent, however, maintains that mandamus is not a proper remedy to review his action, which he contends was an exercise of judicial judgment. He also argues that the territorial jurisdiction of the town court of Cicero is the entire county of Cook.
At the outset we must determine if an original writ of mandamus is an appropriate remedy to correct the disputed action of the judge of the town court of Cicero. The town court admittedly had jurisdiction of the parties, in that defendant had been served with process within the county, *299 but outside of the town. It also had jurisdiction of the general class of case involved in the complaint. The sole question raised by the motion to transfer from the town court is whether that court had a right to proceed to try a transitory cause of action arising outside the town, when the sole defendant was neither a resident of nor doing business in the town.
Respondent seeks to resist the issuance of the writ, on the ground that mandamus will not lie to compel him to interpret the statute fixing venue, or to determine its constitutionality in a particular way. We grant that mandamus will not generally lie to correct mere judicial error in matters that the court below had jurisdiction to decide, or to control the exercise of judicial discretion. (People ex rel. Barrett v. Shurtleff, 353 Ill. 248; People ex rel. Hoagland v. Streeper, 12 Ill.2d 204.) It is further apparent that the town court, as a preliminary matter, was required to determine if it had jurisdiction to proceed. Such a determination is often a question of fact or a mixed question of law and fact. In the instant case, either the place the cause of action arose or the residence of the defendant could have been questions of fact. If the town court had made merely erroneous findings on these matters, we have no doubt that mandamus would not lie. On the record before us, however, the issue of fact is undisputed. The cause of action arose outside of the town, and the defendant neither resided in, nor did business within the town. The question of the town court's right to proceed, therefore, became a pure question of law.
The venue provisions of the Civil Practice Act, (Ill. Rev. Stat. 1959, chap. 110, pars. 5-12) contain mandatory venue requirements. When a proper motion to transfer is presented, the facts being admitted, the trial court has no discretion but must transfer the cause.
The extraordinary writ of mandamus is not issued as a matter of right, but only in the sound discretion of this *300 court. However, we have no doubt of our jurisdiction to issue the writ in a clear case to compel a judicial officer to enter an order required by statute. (People ex rel. Carlstrom v. Shurtleff, 355 Ill. 210, 219). We have long been chary of the use of this high supervisory writ, except in cases of great public importance, where a clear right to the writ is shown. (See People ex rel. Hoagland v. Streeper, 12 Ill.2d 204; People ex rel. Elliott v. Juergens, 407 Ill. 391.) However, our authority to grant original writs of mandamus for the supervision of lower courts may not be frustrated by an insistence that all questions requiring the interpretation of statutes or the constitution are beyond the reach of the writ.
We, therefore, hold that if the applicable statutes required the town court to transfer the cause before it, as a matter of law, and deprived it of the right to proceed, mandamus will properly lie.
We next turn to the interpretation of the statute involved. The City Court Act, (Ill. Rev. Stat. 1959, chap. 37, par. 333,) provides for the establishment of town courts, as courts of general jurisdiction, in and for the town. It further provides as follows:
"For the purpose of determining the venue in civil cases before such City, Village or Town Courts, the provisions of Article II of `An Act in relation to practice and procedure in the courts of this State', approved June 23, 1933, as amended, and of Section 5 of `An Act to revise the law in relation to divorce', approved March 10, 1874, as amended, and of all other Acts prescribing or relating to venue, shall be construed to all intents and purposes as if the city, village or town wherein such City, Village or Town Court is established was a county of which such City, Village or Town Court was the Circuit Court."
The venue provisions of the Civil Practice Act, referred to, insofar as applicable here, state:
"Except as otherwise provided in this Act, every action *301 must be commenced (a) in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him and not solely for the purpose of fixing venue in that county, or (b) in the county in which the transaction or some part thereof occurred out of which the cause of action arose." Ill. Rev. Stat. 1959, chap. 110, par. 5.
Despite the lengthy and ingenious argument of respondent as to the proper construction of the foregoing venue provisions, we think the meaning is clear. While we may agree that the provision of the City Court Act lacks succinctness of expression, the only possible meaning of the words used is that the provisions of the general venue statutes shall be construed to give the same effect to town boundaries in relation to the venue of town courts as county boundaries have in relation to circuit courts. Thus to bring an action in a town court, it must be commenced (a) in the town of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him and not solely for the purpose of fixing venue in that town, or (b) in the town in which the transaction or some part thereof occurred out of which the cause of action arose. Cf. Ill. Rev. Stat. 1959, chap. 110, par. 5.
Respondent has made an extended argument regarding the possible benefits of expanding the jurisdiction of town courts. The territorial jurisdiction of city and town courts has been extended in the past, both by statute and construction of the constitution, so that they now may have jurisdiction of transitory actions arising without the city or town, (Turnbaugh v. Dunlop, 406 Ill. 573,) and may issue process beyond their territorial limits. (Chappelle v. Sorenson, 11 Ill.2d 472.) This of course has increased the ability of city and town courts to relieve the burden of circuit courts within the same county. We express no opinion as to the desirability of permitting such courts to have general jurisdiction *302 throughout the county regardless of the place of residence of the parties or the situs of the occurrence. It suffices to say that this is a question of legislative judgment. We think it clear that the legislature determined that city and town courts should act, over proper objection, in cases of the type here involved only when the defendant resides, or the cause of action arose, within the municipality. In this conclusion as to the intent of the legislature we are supported by two other statutory provisions in relation to venue. The legislature has seen fit to limit the criminal jurisdiction of city, village and town courts to offenses and felonies "committed within" said city, village or town. (Ill. Rev. Stat. 1959, chap. 37, par. 333.) The legislature has also permitted the transfer of civil actions between courts of record of concurrent jurisdiction within a county for considerations of justice and convenience, but specifically provided, "that no case shall be transferred to a court the judges of which are elected from an area which does not include the place of residence of each party, * * *." (Ill. Rev. Stat. 1959, chap. 146, par. 37.) We, therefore, see that the legislature has consistently limited the venue of city, village and town courts to cases where either the residence of the defendant is or the cause of action arose within the municipal boundaries.
Respondent further contends that the venue provisions of the City Court Act as so construed are unconstitutional on three grounds. First, because they are so ambiguous as to deprive litigants of due process. Second, they are not uniform as to all courts of the same class or grade, in violation of section 29 of article VI of the constitution of Illinois. Third, that they constitute special laws regulating the practice in courts of justice and changes of venue, in violation of section 22 of article IV of the constitution.
We think these arguments are without merit. We find no ambiguity in the language of the venue provisions that would deprive a litigant of due process. Nor do the venue *303 provisions offend the provisions of section 29 of article VI of the constitution by providing a different venue for town courts than for circuit courts. The town court, unlike circuit courts, is not a constitutional court, and the ambit of its jurisdiction is limited by the statute creating it. (Cf. Const. art. VI, secs. 1 and 12; Chappelle v. Sorenson, 11 Ill.2d 472; Peoples Gas Light and Coke Co. v. Slattery, 373 Ill. 31.) The legislature may prescribe different venue provisions for each. For the same reason, section 22 of article IV, prohibiting special legislation, is not violated by an act which applies uniformly to all city, town or village courts. Scherzer v. Keller, 321 Ill. 324, 331.
We, therefore, conclude that a writ of mandamus should issue directing the respondent, as judge of the town court of Cicero to vacate the order denying relator's motion for transfer in the case of Silhan v. Norwegian-American Hospital, Inc., pending in that court, and to transfer said cause to the circuit court of Cook County.
Writ awarded.