(No. 40530.—▮▮▮▮▮▮▮▮▮▮)

CONTINENTAL AIR TRANSPORT CO., INC., Appellant, *vs.*
ILLINOIS COMMERCE COMMISSION *et al.,* Appellees.

*Opinion filed Nov. 30, 1967.—Rehearing denied Jan. 18, 1968.*

LEE A. FREEMAN and McCONNELL, FREEMAN, CURTIS & McCONNELL, both of Chicago, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and EDWARD G. FINNEGAN, Assistant Attorney General, for appellee Illinois Commerce Commission.

CAREY, FILTER, MURRAY AND WHITE, of Chicago, (EDWARD M. WHITE and JAMES C. MURRAY, of counsel,) for appellee Waukegan-North Chicago Transit Company.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

On application of Waukegan-North Chicago Transit Company the Illinois Commerce Commission granted it a certificate of public convenience and necessity to render direct airline ground transportation services between the Waukegan-Great Lakes area and O'Hare International Air-

port. An application subsequently filed by Continental Air Transport Co., Inc., to operate the same service was denied. On appeal by Continental to the circuit court of Cook County the order was affirmed, and Continental appeals further directly to this court contending that the Commission's order granting Waukegan's application is against the manifest weight of the evidence.

By "Motion to Dismiss" filed in this court, the appellees, the Commission and Waukegan Transit, urge that the circuit court erred in refusing to dismiss Continental's appeal to that court on the ground that it failed to first file an application for rehearing before the Commission. Section 67 of the Public Utilities Act provides, insofar as it is relevant, that no appeal shall be allowed from any order or decision of the Commission unless an application for a rehearing thereof shall first have been filed with and finally disposed of by the Commission. It is further provided that "No person or corporation in any appeal shall urge or rely upon any grounds not set forth in such application for a rehearing before the Commission" and that "Only one rehearing shall be granted by the Commission;  *  *  *." Ill. Rev. Stat. 1965, chap. 111⅔, par. 71.

The record shows that the order granting a certificate to Waukegan was made on December 15, 1965, and that on January 10, 1966, Continental filed a petition for rehearing. It further appears that the petition was granted on January 26 and that on May 25 the Commission entered its order on rehearing whereby it stated, *inter alia,* that the authority granted to Waukegan Transit was to furnish transportation services to the airport gates but not into the airport itself, and that an intervening petition filed March 28 was dismissed by which Continental sought to include the cities of Waukegan and North Chicago in its application for a certificate. Waukegan Transit insists that since no rehearing was sought of the order entered on rehearing no appeal could lie therefrom.

Section 68 of the Act is concerned with actions to set aside orders of the Commission. It says in relevant part that within 30 days after the service of any final order or decision of the Commission, upon and after a rehearing any person affected may appeal to the circuit court. (Ill. Rev. Stat. 1965, chap. 111⅔, par. 72.) In *Scherer Freight Lines, Inc.* v. *Commerce Com.,* 24 Ill.2d 359, this court discussed and construed all the statutory provisions involved here. We pointed out that where an order entered after rehearing substantially modifies the first order it has the effect of an original order, to which an application for rehearing must be made as a condition precedent to an appeal. We decided that since the second order in that case was based at least in part upon new evidence submitted since the entry of the first one it was in effect a new and different order on which an application for rehearing was required before an appeal would lie.

The plain implication of our language, however, is that if an order entered after rehearing does not substantially modify the first one and is not based upon any additional evidence, an appeal therefrom may be taken without a second petition for rehearing. We think such is the case here. The Commission's first and second orders are substantially the same, the second one making only a few minor revisions, and the circuit court properly denied the motion to dismiss.

Continental's contention that the Commission's order is against the manifest weight of the evidence is concerned principally with the claim that Continental was the existing carrier in the field. It appears from the record that public convenience and necessity required the institution of direct airline ground transportation services between the Waukegan—Great Lakes area and O'Hare. Continental had been rendering these specialized services in conjunction with the Chicago and North Western Railway by means of a transfer at the railway's Davis Street station in Evanston, but

the Commission considered this unsatisfactory because of the long waiting time involved in making the transfers. At the first hearing on the Waukegan Transit application Continental appeared and expressed its willingness to render the proposed direct service.

Waukegan Transit is a local transit operator in Waukegan and North Chicago, and between those cities and the Great Lakes Naval Training Center, all of which are within the area involved here, and it has engaged in charter service between Great Lakes and O'Hare Airport with transit type buses. It proposes to use one air-conditioned, separate-baggage-compartment bus for the operation in question. The Commission found that in the event it becomes necessary to supplement the scheduled service Waukegan Transit intends to employ three of the 38 transit-type coaches which make up the remainder of its fleet. These buses do not have have separate baggage compartments and in case they are employed the baggage would be placed on the seats and in the area in the rearmost part of the bus. The Commission concluded that Waukegan Transit is the carrier in the field and is able to provide the necessary service, and that the belated application by Continental was filed merelv to block its competitor.

Continental insists that the Commission's findings are unsupported by the evidence. It points to the "specialized" service it has rendered transporting airline passengers and personnel to and from Chicago airports since 1937, and to the Commission's own finding that the combination rail and limousine operation referred to, in which the limousine portion is operated by Continental, is the only public transportation presently available between O'Hare and the area involved here. The city of Chicago, which constructed O'Hare and operates it, has been granting to Continental the exclusive right to solicit and transport passengers to and from the airport and Chicago, Skokie, Evanston, and Oak Park. Under the terms of the existing franchise con-

tract ordinance, executed December 30, 1959, for a ten-year period, Continental is required to pay to the city for the use of the airport facilities and driveways compensation equal to 10% of its gross revenues. In the present case the commission authorized Waukegan Transit to conduct its operations only "to" O'Hare Airport and not into it.

Further evidence shows Continental's equipment to be specially designed for airporter service, largely air-conditioned with reclining seats and separate baggage compartments. It operates a fleet of 65 buses and 10 limousines, with additional equipment on order, and at O'Hare it maintains a complete dispatching and staging area in which equipment is parked and held in reserve. It operates an extensive radio dispatch system and has garage and maintenance facilities. In addition to the services at O'Hare, Continental provides ground transportation to Midway and interconnects Midway and O'Hare.

After a careful consideration of all the facts in this case, we think the Commission's order cannot stand. Undisputed evidence shows Continental to be in a stronger equipment and financial position than is Waukegan Transit and is willing and able to supplement and expand its existing services by providing direct public transportation to all the areas involved. It proposes a limited number of passenger stops, in contrast to the more numerous ones contemplated by Waukegan Transit, and the manifest weight of the evidence shows it to be the existing carrier in the field. The fact that Waukegan Transit renders local transit services in Waukegan, North Chicago and to Great Lakes, and provides charter service from Waukegan and North Chicago to O'Hare, does not warrant the Commission's finding that it is the carrier in the field. It appears that such charter trips are similar to those performed from time to time by several other companies chartered by the Department of Defense to carry groups of servicemen from Great Lakes to O'Hare.

They do not meet the standards of service and equipment required of a scheduled public service and are not established public utility services protected by the carrier-in-the-field doctrine.

Neither do the local transit operations qualify. The need for which the present certificate is granted is not for the movement of passengers generally, within urban areas, but for the transportation of airline patrons. Travel by air entails special problems of supplementary transportation. (*Continental Air Transport Co.* v. *Carpentier*, 17 Ill.2d 312.) Loading and unloading points should be such as are appropriate for the convenient pick-up and discharge of passengers destined to or carried from the airport, and the number of passenger stops are usually limited, in order to assure reasonably fast service. The equipment is also specialized to a large extent. Thus the motor buses or limousines are expected to be air-conditioned, with reclining seats and baggage compartments separate from the passenger compartments. In all such respects the evidence shows that in this case the carrier most qualified is not Waukegan Transit but Continental Air Transport.

As the Commission found, Continental does presently perform public transportation services involving the carriage of passengers between O'Hare and the Waukegan-Great Lakes area. The fact that the joint rail and limousine service involving a transfer in Evanston was found to be too time-consuming does not mean that Continental was not occupying the field. The combination rail-limousine service was well established, handling many passengers, and when the issue was raised of direct bus service Continental expressed willingness to extend its operations. Nor is it decisive that portions of the proposed route have been several miles distant from the Evanston station, in view of the policy of having each passenger-stop service an area within a reasonable distance thereof thus facilitating a fast ground

service. It is evident that Continental has been operating in the general area of the proposed services and is the existing carrier in the field.

As such it is entitled to a preference as against contending applicants, not only as to the existing service but also as to additional or extended service, where the latter is required in the interest of the public and where the utility in the field makes known its willingness and ability to furnish it. (*Citizens Valley View Co.* v. *Commerce Com.,* 28 Ill.2d 294.) In the case at bar Continental has expressed its willingness to supplement and expand its services to provide direct and nontransfer transportation and to include all the area in question. And by indisputable evidence it has been shown to possess adequate equipment, facilities and personnel.

We do not think the fact that Waukegan Transit has priority in application, and that Continental did not apply until 42 days later, has the weight apparently given to it by the Commission. While priority in the filing of an application may be considered under certain circumstances where it appears that the purpose of the late application is to block the competitor, it is entitled to little weight where, as here, there is nothing to indicate that such is the case. (*Citizens Valley View Co.* v. *Commerce Com.,* 28 Ill.2d 294.) It cannot, in our opinion, be inferred merely from the fact that there were scheduling problems and delays at the Davis Street station about which nothing was done until the present proceedings were begun. Under the circumstances here the fact that Waukegan Transit filed its application first does not reduce the preference to which Continental is entitled as the existing carrier in the field.

The decision of the Commission finding Waukegan Transit to be the carrier in the field is against the manifest weight of the evidence. The judgment of the circuit court of Cook County is reversed, the order of the Commission is

set aside, and the cause is remanded to the Commission with directions to proceed in accordance with the views expressed herein.

*Reversed and remanded, with directions.*