(No. 41366.—

THE PEOPLE *ex rel.* Continental Air Transport Co., Inc., Petitioner, *vs.* HARRY D. STROUSE, Judge, *et al.,* Respondents.

*Opinion filed January 29, 1969.*

LEE A. FREEMAN, of Chicago, for petitioner.

BRUNO W. STANCZAK, State's Attorney, of Waukegan, (M. R. CONZELMAN, of counsel,) for respondent HARRY D. STROUSE, JR.

CAREY, FILTER, MURRAY & WHITE, of Chicago, for respondent Waukegan North Chicago Transit Co.

M. R. CONZELMAN and MICHAEL J. PUCIN, of Waukegan, for respondents City of Waukegan and City of North Chicago.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

By this original petition for writ of *mandamus* Continental Air Transport Co. seeks to compel an associate judge (herein referred to as respondent) to expunge and set aside an order he entered in the circuit court of Lake County on April 22, 1968. The challenged order purported to stay the enforcement of an Illinois Commerce Commission order issued March 6 on remand from this court in *Continental Air Transport Co. v. Illinois Commerce Com.*, 38 Ill.2d 563.

The case cited involved a dispute between two carriers as to which one was to provide bus service between O'Hare International Airport and the Waukegan-Great Lakes area. We decided that Continental Air Transport Co. was better equipped to render the service and was entitled to a certificate in preference to Waukegan-North Chicago Transit Company. The latter company is a local transit operator in the cities of Waukegan and North Chicago which had been providing charter service between the airport and the Great Lakes Naval Training Station, and which the Illinois Commerce Commission had authorized to conduct the service in question. This court set aside the commission's order and remanded the cause with directions to proceed in accordance with the views expressed in the opinion. *Continental Air Transport Co. v. Illinois Commerce Com.*, 38 Ill.2d 563, 570—571.

The directions were followed and the commission, on March 6, accordingly issued a certificate of public convenience and necessity to Continental. The order provided that before instituting service Continental should file a time schedule and a tariff, and that upon institution of service by Continental all transportation services by Waukegan Transit to and from the airport should cease. A hearing was also set for March 19 for the purpose of considering an extension of the airporter services from Great Lakes Naval

Training Station to include stops in North Chicago and Waukegan, and on April 10 a supplemental order was issued providing for such extension of service by Continental.

Meanwhile, on April 5, the cities of Waukegan and North Chicago brought suit to temporarily enjoin Continental from starting and Waukegan Transit from terminating airporter services, and also to restrain the commission from enforcing its order of March 6. Both Waukegan Transit and the two cities had sought a rehearing of the March 6 order and thereafter filed notices of appeal therefrom to the circuit court. On their motions the court entered the order in question staying enforcement of or compliance with the commission's order of March 6, pending the appeal. It was found that Waukegan Transit would suffer a substantial loss if it were prevented from operating the O'Hare route, that such loss would affect its ability to provide local transit services, and that the cities might thereby be deprived of public transportation facilities. On May 15, by leave of this court Continental filed this original petition for *mandamus,* and on its motion we suspended the stay order of the circuit court pending disposition of this proceeding. As a result Continental continues to operate the O'Hare run.

In seeking relief by *mandamus* relator insists that the commission's order of March 6 was issued in strict compliance with the mandate of this court in the *Continental Air Transport* case, that the appeal therefrom to the circuit court and the stay order by that court constitute a collateral attack on the decision of this court and an attempt to review it by a circuit judge. Respondent argues on the other hand that Waukegan Transit has indicated it would be compelled to abandon all local bus transportation should it lose the O'Hare run, thus leaving the cities of Waukegan and North Chicago without public transportation, and that the extinguishment of public transportation as a result of our decision in the *Continental Air Transport* case is an "issue"

which was not raised originally therein. The contention is urged that since this "public interest question" was not considered or decided, the circuit court's stay order was proper to maintain the *status quo* until the commission and the courts have had an opportunity to rule on it.

We cannot agree with respondent's contention. It is fundamental that there must be finality to all litigation. To now permit the Waukegan-North Chicago Transit Company and the cities of Waukegan and North Chicago to inject new issues into the case which were not originally raised would be in effect to permit them to relitigate the controversy. Furthermore, these matters could have been raised at the original hearing. The question of whether the Waukegan transit would be compelled to abandon all local bus transportation is, at the most, highly speculative.

Respondent has also made the point in resisting a suspension of the circuit court's stay order that *mandamus* will not lie to expunge it since the circuit court had jurisdiction even if it were erroneously or improperly exercised. We grant that *mandamus* will not generally lie to correct mere judicial error in matters that the court below had jurisdiction to decide, or to control exercise of judicial discretion. (*People ex rel. Hoagland* v. *Streeper,* 12 Ill.2d 204.) However, the only question that the court could decide is whether the commission's order followed our mandate, and this did not require an exercise of judicial discretion. *People ex rel. Norwegian-American Hospital, Inc.* v. *Sandusky,* 21 Ill.2d 296.

The commission's denial of a rehearing of its order which was in strict conformance with this court's mandate was correct, and its order must stand. The trial court erroneously entertained the appeal and its judgment order staying the order of the commission was improper. For similar reasons it was improper to entertain this suit to enjoin enforcement of the commission's order.

A writ of mandamus will issue accordingly, directing

respondent as associate judge of the circuit court of Lake County to expunge and set aside the stay order entered in that court, to dismiss the appeal from the commerce commission's order of March 6, and to dismiss the suit to enjoin enforcement of said order of the commission.

*Writ awarded.*