(No. 46772

THE PEOPLE *ex rel.* JOHN J. BOWMAN, State's Attorney, Petitioner, v. ALFRED E. WOODWARD, Judge, Respondent.

*Supervisory order entered July 15, 1974.*

John J. Bowman, State's Attorney, of Wheaton, *pro se,* petitioner.

Frank Wesolowski, Jr., Public Defender, of Wheaton (Robert H. Heise, of counsel), for respondent.

PER CURIAM: The court previously granted the motion of the State's Attorney of Du Page County for leave to file an original petition for a writ of *mandamus* requiring Chief Judge Alfred E. Woodward of the Eighteenth Judicial Circuit to vacate his order of May 23, 1974, directing relator to "have a competent court reporter transcribe the testimony and Grand Jury proceedings in the presentment of the case against Robert Martin." The matter has been considered on the petition, answer and written suggestions of the parties.

Robert Martin is presently bound over for grand jury action in Du Page County on a charge of murder, and the order quoted in part above was entered on motion of Martin's counsel. Our criminal discovery rules do not require the recording of grand jury testimony, and we conclude in view of the statutory provisions:

> "Only the State's Attorney, his reporter and any other person authorized by the court may attend the sessions of the Grand Jury. Only the grand jurors shall be present during the deliberations and vote of the Grand Jury. If no reporter is assigned by the State's Attorney to attend the sessions of the Grand Jury, the court, on petition of the foreman and 11 other grand jurors, may for good cause appoint such reporter" (Ill. Rev. Stat. 1973, ch. 38, par. 112—6(a))

that the circuit judge improperly directed the recording of such grand jury testimony over the objection of the State's Attorney and in the absence of a request from the grand jurors. *People v. Lentz,* 55 Ill.2d 517; *United States v. Schrenzel* (8th Cir. 1972), 462 F.2d 765, 772.

It is accordingly ordered, in the exercise of our supervisory jurisdiction (Ill. Const. (1970), art. VI, sec. 16), that Chief Judge Woodward vacate his order of May 23 directing that such testimony be recorded. We believe, however, that the grand jurors should be advised of their right to request such recording and direct that they be so advised if such information has not already been given them.                          *Supervisory order entered.*