(No. 53323.—

CHESTER HORN *et al.*, Petitioners, v. GAIL RINCKER *et al.*, Respondents.

*Opinion filed February 20, 1981.—Rehearing*
*denied March 27, 1981.*

140

SIMON, J., took no part.
GOLDENHERSH, C.J., dissenting.

Stephen R. Ryan, of Ryan, Grabb, Cini & Bennett, of Mattoon, for petitioners.

Robert D. Owen and Darrel F. Parish, of Owen, Roberts, Susler & Murphy, of Decatur, for respondents Gail Rincker and Dale Rincker.

C. E. Heiligenstein, of Belleville, for respondent Lynette Anne Bass, administratrix of the estate of Earl James Bass, Jr.

Glen A. Featherstun, of Armstrong, Winters, Prince, Featherstun & Johnson, of Decatur, for respondent Electric Wheel Co., a division of the Firestone Tire & Rubber Co.

Craig A. Randle, of Londrigan & Potter, P.C., of Springfield, for respondent Kenneth Eugene Robertson, administrator of the estate of Crystal Rose Robertson.

Wayne Plaza and Robert Bush, of Rooks, Pitts, Fullagar & Poust, of Chicago, for respondent White Farm Equipment Co., a division of White Motor Co.

MR. JUSTICE RYAN delivered the opinion of the court:

The petitioners, Chester Horn and Rita Horn, were granted leave to file an original petition in this court requesting it to exercise its general administrative and supervisory authority and also praying for a writ of prohibition and for a writ of *mandamus*. Petitioners are defendants in three separate actions filed in Shelby, St. Clair, and Madison counties. Those actions, described in more detail below, seek relief for personal injuries and death resulting from a collision in Shelby County. Various motions in the several causes to transfer venue or consolidate these cases having been denied, petitioners filed their original petition in this court. Named as respondents are all the parties, both plaintiffs and defendants, involved in the three ac-

tions, with the exception of the corporate defendants joined in various products liability counts. Judge Thomas P. O'Donnell, circuit judge of St. Clair County, Judge Joseph J. Barr, circuit judge of Madison County, and Judge Vernon L. Plummer II, circuit judge of Shelby County, were also named as respondents herein. Basically, the petitioners seek an order from this court transferring the cases pending in St. Clair and Madison counties to Shelby County and consolidating all those cases with the Shelby County case.

On November 19, 1976, Earl Bass was operating a motor vehicle along a road approximately one mile southwest of the town of Cowden, in Shelby County. He was accompanied by a passenger, Crystal Rose Robertson. While proceeding in a northerly direction, the Bass vehicle sideswiped a disabled farm wagon standing on the east side of the road. The wagon was owned by Chester and Rita Horn, and contained corn owned by them, as well as by Tennessee Sollis. At the time of the accident, the corn was being hauled to a grain elevator. After this first collision the Bass vehicle crossed the center of the road and collided with a southbound vehicle being driven by Dale Rincker, who was also accompanied by a passenger, Gail Rincker. Bass and his passenger, Robertson, died as a result of injuries received in the accident.

On March 10, 1978, the Rinckers filed the first lawsuit arising out of this accident in the circuit court of Shelby County. That suit named as defendants Chester Horn; Rita Horn; the administrator of the Bass estate; and Tennessee Sollis. The administrator of the Bass estate then filed an action in the circuit court of St. Clair County on March 16, 1978, naming as defendants Chester Horn; White Farm Equipment Company; Sears, Roebuck and Company; and Electric Wheel Company. The actions against these three corporate defendants are based on the theory of products liability, the three corporate defend-

ants being in the chain of manufacture and distribution of the farm wagon and its component parts. The administrator of the Robertson estate then filed suit on July 13, 1978, in the circuit court of Madison County. That action named as defendants Chester Horn; Dale Rincker; the administrator of the Bass estate; White Farm Equipment Company; and Sears, Roebuck and Company. Finally, the Rinckers filed a separate cause of action in Shelby County on November 16, 1978, naming as defendants White Farm Equipment Company; Sears, Roebuck and Company; and Electric Wheel Company. This last action, based upon a products liability theory, was consolidated with the first suit previously filed by the Rinckers.

At the time of the accident, Earl Bass, Lynette Anne Bass, administrator of the estate of Earl Bass, Chester Horn, Rita Horn, Dale Rincker, Gail Rincker, Crystal Rose Robertson, Kenneth Eugene Robertson, administrator of the estate of Crystal Rose Robertson, and Tennessee Sollis were all residents of Shelby County, and all of these parties now living still reside in Shelby County except Lynette Anne Bass, administrator of the estate of Earl Bass, who moved to St. Clair County before her suit was filed in that county. The three corporate defendants are residents of all three counties in that they are "doing business" in those counties. (See Ill. Rev. Stat. 1977, ch. 110, par. 6.) All of the pre-occurrence witnesses and post-occurrence witnesses, and all of the authorities who investigated the accident, reside in Shelby County.

Discovery depositions of the Horns were taken by the attorney for the plaintiffs Rincker in the Shelby County case on July 7, 1978. On April 23, 1979, Chester Horn was served with a notice to take a discovery deposition in the St. Clair County case. On March 8, 1978, the attorney for the defendants Rincker in the Madison County case filed a notice to take evidentiary depositions of three witnesses who resided in Shelby County. The attorney for the Horns

decided to take discovery depositions of the same three witnesses. It was necessary to obtain a court order to continue the evidentiary deposition of these witnesses until after the discovery depositions were taken. The discovery depositions of these three witnesses were taken, and later evidence depositions of two of the same witnesses were taken. Thereafter, notices were served to take the evidence depositions of these same witnesses by the attorney for the plaintiff in the St. Clair County case. There are several other witnesses who will be subject to both discovery and evidence depositions in each of the three counties.

The petitioners (Horns) filed a motion in Shelby County to consolidate the pending cases and filed motions in St. Clair County and Madison County to transfer venue in those cases to Shelby County. The motions were denied by each court in its respective case. It is approximately 100 miles from Shelby County to both Madison and St. Clair counties. In addition to the hardship entailed in the taking of multiple depositions of each witness because of the three separate cases in three separate counties, it is also argued that, should the three cases go to trial separately, there will be a considerable waste of time and inconvenience caused by the traveling of the witnesses to the different courts, and it is argued there would be a generally unsatisfactory presentation should it be necessary to use the evidence depositions instead of having the witnesses testify personally. It is also argued that by trying the three cases separately, inconsistent verdicts may result.

It appears from the allegations of the petition and the answers filed by respondents that the ruling of each court below with regard to transferring venue to Shelby County was correct. The petitioners sought to "transfer venue" in the St. Clair and Madison County cases by motions made long after their answer had been filed in each case. The motions were therefore untimely, and any objection to improper venue was waived. (Ill. Rev. Stat. 1977, ch.

110, par. 8(2); *United Biscuit Co. v. Voss Truck Lines, Inc.* (1950), 407 Ill. 488, 501.) In fact, there appears to be no basis for such a motion, however timely, since venue was proper in both the Madison and St. Clair County actions. There are no allegations that the corporate defendants were joined in bad faith for the purpose of fixing venue in those counties. Our venue statute provides:

"Except as otherwise provided in this Act, every action must be commenced (a) in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him and not solely for the purpose of fixing venue in that county, or (b) in the county in which the transaction or some part thereof occurred out of which the cause of action arose.

If all defendants are nonresidents of the State, an action may be commenced in any county." (Ill. Rev. Stat. 1977, ch. 110, par. 5.)

For purposes of venue, a private corporation is considered to be a resident of any county in which it is "doing business." (Ill. Rev. Stat. 1977, ch. 110, par. 6.) No substantial challenge was made to the apparent fact that each corporate defendant in this case was a "resident" of each county involved.

Similarly, to the extent that these motions sought to consolidate the several actions, they were properly denied. The Civil Practice Act provides that actions pending "in the same court" may be consolidated. Section 51 of the Civil Practice Act states:

"An action may be severed, and actions pending *in the same court* may be consolidated, as an aid to convenience, whenever it can be done without prejudice to a substantial right. (Emphasis added.) (Ill. Rev. Stat. 1977, ch. 110, par. 51.)

In *People ex rel. Phillips Petroleum Co. v. Gitchoff* (1976), 65 Ill. 2d 249, this court ordered rescission of a Madison County court order which prevented compliance with a consolidation order entered by a Macon County judge. Our

decision in *Gitchoff* turned on the propriety of one circuit court ignoring an order of another circuit court. In that case we specifically stated that we were not deciding the question of whether the Madison County counterclaim and the Macon County action were "pending in the same court." Under the provisions of section 51 of the Civil Practice Act, a trial judge is given authority to consolidate cases only when they are pending in the same court.

The trial court has broad discretion in considering a motion to consolidate. (See *Prince v. Atchison, Topeka & Santa Fe Ry. Co.* (1979), 76 Ill. App. 3d 898, 909.) We need not decide, however, whether denying the motions to consolidate these cases would have been an abuse of that discretion had all the cases been pending before the same court, because here the cases were pending in three different counties, in three different circuits, and, consequently, in three "different courts."

It is plain that the Civil Practice Act does not give a circuit court the authority to consolidate actions pending in any county in the State. If that were the intent of the legislature, there would be no reason for limiting the authority to consolidate to actions pending *in the same court.* Also, the use of the phrase "in the same court" is an indication that the Civil Practice Act considers that the State has several courts at the trial level. This is consistent with the provisions of our 1970 Constitution. Article VI, section 7, provides that *each* circuit shall have one circuit court. Article VI, section 1, although providing that the judicial power is vested in a supreme court and appellate court, uses the term "courts" when it refers to the circuit courts. Also, article VI, section 9, refers to courts and not to a single circuit court. A reading of these various sections of article VI of our constitution leads to the conclusion that the circuit courts are administratively organized on a geographical basis and that there is one circuit court for each circuit. Section 51 of the Civil Practice Act, by

authorizing consolidation of actions pending in the same court, does not authorize the entry of an order by a court in one circuit consolidating cases pending in other circuits. Madison County is in the third circuit, Shelby County is in the fourth circuit, and St. Clair County is in the twentieth circuit. Any attempt by one of the courts to consolidate these cases would require an intercircuit consolidation order, which is not authorized by the Civil Practice Act. Therefore, regardless of the need for consolidating these cases, no circuit court had the power to order it.

Normally, the proper course for petitioner would have been to move for involuntary dismissal under section 48 of the Civil Practice Act. (Ill. Rev. Stat. 1977, ch. 110, par. 48.) Since the Shelby County action was filed first, petitioners might have moved to dismiss the St. Clair and Madison County actions by claiming in both of those cases that the same cause was pending, involving substantially the same parties, in Shelby County. (Ill. Rev. Stat. 1977, ch. 110, par. 48(1)(c).) In *Gitchoff*, we held that substantial similarity between parties and causes is sufficient to support a section 48(1)(c) motion to dismiss. (*People ex rel. Phillips Petroleum Co. v. Gitchoff* (1976), 65 Ill. 2d 249, 255.) Here, the plaintiffs in the Madison County case and the St. Clair County case added additional counts against the corporate defendants based on the theory of products liability. However, we need not decide whether a motion to dismiss under section 48(1)(c) of the Civil Practice Act should be allowed under these circumstances.

Petitioner, as previously noted, has prayed for relief by way of the writ of *mandamus.* The writ of *mandamus* will issue only where a clear right to the writ is shown. (*People ex rel. Hoagland v. Streeper* (1957), 12 Ill. 2d 204, 218; *People ex rel. Norwegian-American Hospital, Inc. v. Sandusky* (1961), 21 Ill. 2d 296, 300.) Also, the writ is not available to correct mere judicial errors. (*Baltimore & Ohio R.R. Co. v. Mosele* (1977), 67 Ill. 2d 321, 334;

*People ex rel. Continental Air Transport Co. v. Strouse* (1969), 41 Ill. 2d 567, 570.) In this case there was not a clear duty of the circuit court of Shelby County to enter an order consolidating the cases pending in the other counties. In fact, as indicated above, there was no authority to do so. A writ of *mandamus* is therefore not appropriate.

The petitioners have also asked this court to exercise its general administrative and supervisory authority granted by article VI, section 16, of our constitution and order the St. Clair County and Madison County cases transferred to Shelby County and consolidated with the case pending in that court. (See *People ex rel. Kelly, Ketting, Furth, Inc. v. Epstein* (1974), 61 Ill. 2d 229, 231; *People ex rel. Bowman v. Woodward* (1974), 61 Ill. 2d 231, 232.) It is our holding that this prayer be granted, and in the exercise of our general administrative and supervisory authority we order the St. Clair County and the Madison County cases involved herein transferred to Shelby County and consolidated with the case pending in that court. We are persuaded to do so by the reasoning underlying the doctrine of *forum non conveniens*.

Succinctly stated, the doctrine is founded in considerations of fairness to the litigants and effective administration of justice. In applying these considerations, a court may decline to exercise jurisdiction over a case properly before it, whenever it appears that there is another forum that can better serve the convenience of the litigants and promote the ends of justice. (*People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90; *Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511; *Lonergan v. Crucible Steel Co. of America* (1967), 37 Ill. 2d 599; *Cotton v. Louisville & Nashville R.R. Co.* (1958), 14 Ill. 2d 144; *Whitney v. Madden* (1948), 400 Ill. 185, *cert. denied* (1948), 335 U.S. 828, 93 L. Ed. 382, 69 S. Ct. 55.) Factors to be weighed in con-

sidering application of the doctrine of *forum non conveniens* are stated in *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508, 91 L. Ed. 1055, 1062, 67 S. Ct. 839, 843:

> "An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. \*\*\*. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy."

We are not here reviewing the trial court's granting or denying of a motion to dismiss based on *forum non conveniens.* Indeed, such a motion may not have been appropriate in this case. (See *Cotton v. Louisville & Nashville R.R. Co.* (1958), 14 Ill. 2d 145, 159; *Lonergan v. Crucible Steel Co. of America* (1967), 37 Ill. 2d 599, 606.) Nevertheless, we find the underlying principles of the doctrine helpful in deciding whether to exercise our supervisory powers and in what manner. Here, all of the factors recognized in *Gulf Oil Corp.* as being indicative that the doctrine should apply weigh heavily in favor of consolidating these cases in Shelby County. As was stated earlier, the parties, most of the witnesses, proofs, and the accident itself are local to Shelby County, with one exception: the administratrix of the Bass estate has moved to St. Clair County since the accident. Maintenance of three separate actions in three separate counties, when those actions

arose out of a single accident, would frustrate the efficient administration of justice. Moreover, to allow the plaintiffs to proceed with the St. Clair and Madison County actions, independent of the Shelby County proceedings, would facilitate the possibility of inconsistent verdicts, cause unnecessary duplication of trials and proofs, waste countless hours of judicial effort, and would promote no foreseeable advantage. The needless confusion and duplication of effort and expense caused by the multiple deposing of the same witnesses should be avoided. This can best be accomplished if the entire litigation is under the supervision and direction of one court.

Accordingly, it is ordered that case No. 78—L—209 of the circuit court of St. Clair County and case No. 78—L—587 of the circuit court of Madison County be transferred to Shelby County and consolidated with Shelby County cases Nos. 78—L—3 and 78—L—26, which have been heretofore consolidated. The circuit court of Shelby County will be free to sever for trial so many or such parts of these consolidated cases as it deems necessary in order to promote the efficient administration of justice.

Since the oral argument of this case in this court, we have been informed that petitions have been filed under the Bankruptcy Act (11 U.S.C. sec. 101 *et seq.* (Supp. II 1978)) in the United States Bankruptcy Court for the Northern District of Ohio wherein White Farm Equipment Company is named as a debtor. White Farm Equipment Company is a defendant in some of the cases involved in this proceeding. Section 362 of the Bankruptcy Act (11 U.S.C. sec. 362 (Supp. II 1978)) provides that a petition filed under sections 301, 302, or 303 operates as a stay of certain proceedings pending against a debtor. The order which we have entered is directed to the courts wherein these cases are pending and not against the debtor White Farm Equipment Company. The circuit court of Shelby

County, however, must make appropriate provisions for complying with section 362 of the Bankruptcy Act when these cases are consolidated in that court.

For the reasons herein stated, the petition for a writ of *mandamus* or prohibition is denied, and the supervisory order of this court is entered transferring the named cases to the circuit court of Shelby County and consolidating the cases as above indicated.

*Writ denied; supervisory*
*order entered.*

MR. JUSTICE SIMON took no part in the consideration or decision of this case.

MR. CHIEF JUSTICE GOLDENHERSH, dissenting:

I dissent. I opposed the granting of leave to file the original petition and am of the opinion that it should now be dismissed.

With admirable candor the majority concedes that there is no basis to be found in the venue statutes for the order and that the doctrine of *forum non conveniens* has never been applied to effect transfer of a cause within the State. Nevertheless, without supporting authority it has issued a supervisory order consolidating these cases in a county selected by one of the litigants over the objections of the others.

Multiple actions arising out of the same transaction are not new in the annals of this State. The venue provisions and the absence of a provision for mandatory counterclaims in the Civil Practice Act clearly indicate that such suits are not only permissible but are to be expected. Lawyers have ordinarily been able to determine by agreement an orderly procedure for the taking of depositions without repetitive examinations of the witnesses, and there is no reason to believe that absent this order they would not have managed to do so in this case. Furthermore, this court has seen fit to leave to the discretion of the circuit

courts the determination of the qualifications of expert witnesses, the granting of continuances, and, more importantly, the question of the severity of a sentence imposed as a criminal sanction. I fail to see why we cannot leave to that same judicial discretion the determination of whether orders to expedite or stay the pending proceedings may be required in order to effect a just result.

It is clear from the opinion that the circuit courts are without power to effect the kind of transfer and consolidation effected by this order. The end result of this opinion is that this court will of necessity be required to entertain original actions with wholly inadequate records and make the determination as to which county is to be the place of trial. With the numbers and types of cases pending before us, I respectfully submit this court is far too busy to spend its time refereeing races to the courthouse.