(No. 46553

THE PEOPLE *ex rel.* KELLY, KETTING, FURTH, INC., Petitioner, v. SAMUEL B. EPSTEIN, Judge, *et al.*, Respondents.

*Supervisory order entered July 15, 1974.*

Carmen V. Speranza, of Speranza & Veverka, of Chicago, for petitioner.

Hon. Samuel B. Epstein, *pro se,* respondent.

Michael L. Bilandic, Richard A. La Cien and Gayle Haglund, of Anixter, Delaney, Bilandic and Pigott, of Chicago (John A. Doyle and Donald M. Lowry, of counsel), for other respondents.

PER CURIAM: Petitioner's motion for leave to file an original petition for a writ of *mandamus* was allowed, and the matter has been taken under advisement on the petition, answer and briefs.

Relator here is plaintiff in a pending action to recover damages, No. 73 L 13665, in the circuit court of Cook County, and respondents here, except for Judge Samuel B. Epstein, are defendants there. That action was assigned to the law division, where plaintiff's motions for orders restraining the transfer of certain funds by defendants were heard by Judge Nicholas Bua. Orders restraining the payment or transfer of specified funds were entered by Judge Bua on February 8 and on February 19. On February 26 plaintiff served upon defendants notice of its intention to appear before Judge Bua on March 1 and seek a temporary injunction. On February 28 plaintiff was notified that certain defendants would later that day present an emergency petition in the same case to Judge Epstein of the chancery division seeking to vacate the orders entered by Judge Bua and to enjoin plaintiff from proceeding with their motion for injunctive relief. On that date Judge Epstein found Judge Bua erroneously exercised chancery jurisdiction and entered "defective" orders; he then enjoined plaintiff from proceeding further before Judge Bua on its motion for a temporary injunction "until the matter of Judge Bua's jurisdiction and authority is determined." It is this order of Judge Epstein's which plaintiff seeks to vacate in this original action.

It is entirely clear that defendants' remedy, if they believed themselves aggrieved by Judge Bua's orders, was to appeal (*Bohn Aluminum & Brass Co. v. Barker*, 55 Ill.2d 177), and that Judge Epstein should have declined to act

(*People ex rel. East Side Levee and Sanitary District v. Madison County Levee and Sanitary District,* 54 Ill.2d 442; *People ex rel. MacMillian v. Napoli,* 35 Ill.2d 80). Review of the orders of one judge by another judge of the same court in the same case is neither consistent with the orderly administration of justice nor with our judicial system.

We accordingly, in the exercise of our supervisory jurisdiction (Ill. Const. (1970), art. VI, sec. 16), direct that Judge Epstein vacate his order of February 28 and dismiss the motions of defendants.

*Supervisory order entered.*