(Nos. 48773, 48811 cons.—

WILLIAM J. SCOTT, Attorney General, *et al.,* Petitioners, v. RICHARD J. CADAGIN, Judge, *et al.,* Respondents.—WILLIAM J. SCOTT, Petitioner, v. SIMON L. FRIEDMAN, Judge, *et al.,* Respondents.

*Opinion filed Nov. 15, 1976.—Rehearing denied Jan. 28, 1977.*

William J. Scott, Attorney General, of Springfield (Herbert Lee Caplan, Assistant Attorney General, of Chicago, of counsel), for petitioners.

Donald Page Moore, of Antonow & Fink, of Chicago (Robert M. McGreevey, of counsel), for respondent Illinois Commerce Commission.

Thomas F. Londrigan, of Springfield, for respondents Roland W. Burris, Director of the Department of General Services, *et al.*

MR. JUSTICE CREBS delivered the opinion of the court:

On February 4, 1976, the Illinois Commerce Commission (hereinafter the Commission) entered an order relating to certain rate increases proposed by Illinois Bell Telephone Company (hereinafter Bell). On February 23, 1976, Bell filed a notice of appeal seeking review of the Commission's order. On March 11, 1976, the Attorney General of Illinois entered an appearance in the circuit court of Sangamon County on behalf of the Commission.

Among the intervening parties appearing before the Commission in opposition to the Bell proposal was the Illinois Department of General Services (hereinafter the Department). Subsequently, the Department filed a notice of appeal from the Commission's order. Notices of appeal were also filed by the city of Chicago and Bernard Carey, State's Attorney of Cook County. The parties then stipulated to a consolidation of the appeals and a schedule for briefing and oral argument. The Department, however, did not join in this stipulation.

On June 15, 1976, the Department, represented by attorney James R. Potter, moved for an extension of time within which to file its brief. In support thereof, the Department stated that it had requested the Attorney General to appoint Potter as its counsel through letters dated March 8, April 13 and April 21, 1976, and that to date the Attorney General had not informed the Department "whether or not he will consent to the appointment of an attorney for the prosecution of this appeal." In addition to an extension of time, the Department requested that the court "give directions to said Department to allow it to retain an attorney of its choice to prosecute the appeal herein on its behalf."

On June 30, 1976, the trial court granted the Department an extension of time without giving any directions regarding appointment of counsel. On that same day, the Department, through attorney Potter, filed a declaratory judgment action in the circuit court of Sangamon County, naming as defendants William J. Scott, Attorney General of the State of Illinois, and George W. Lindberg, Comptroller of the State of Illinois.

An amended complaint was filed on July 13, 1976, adding Roland W. Burris, Director of the Department (hereinafter the Director), as a party plaintiff. In their amended complaint, the plaintiffs alleged that a conflict of interest existed in the defendant Scott's representation of both the plaintiffs and the Commission in administrative

proceedings before the Commission and in "further representation of either agency of government in subsequent appeals taken from final administrative decisions" of the Commission. The plaintiffs also alleged that "in spite of such conflict of interest," the defendant Scott had taken action detrimental to the interests of the plaintiffs and the public by, *inter alia,* entering and failing to withdraw an appearance on behalf of the Commission in the consolidated Bell appeal, insisting upon representing the Department in those proceedings, and failing to enter an appearance on behalf of the People of the State of Illinois in those proceedings. Accordingly, the plaintiffs sought a declaratory judgment recognizing the existence of such a conflict of interest, together with injunctive relief barring defendant Scott from further representing the Commission in the consolidated Bell appeal or further asserting the right to represent the Department or its Director. The plaintiffs also prayed for a permanent injunction restraining the defendants from "further interfering with the Plaintiffs' right to contract for necessary, independent contractual legal services in administrative proceedings before the Illinois Commerce Commission and courts of original jurisdiction where a conflict of interest exists between the Plaintiffs and the Illinois Commerce Commission."

On July 19, 1976, the court issued a temporary restraining order, followed by issuance of a preliminary injunction on July 23, 1976. The preliminary injunction prohibited the Attorney General from representing or attempting to appoint any representative for the Commission, the Department or the Director in the consolidated Bell appeal. The Attorney General was also restrained from interfering with the plaintiffs' retention of independent legal counsel in the administrative review proceedings. On August 6, 1976, that portion of the preliminary injunction relating to the Attorney General's representation of the Commission was dissolved.

Prior to the filing of the amended complaint in the declaratory judgment action, on July 12, 1976, the Attorney General moved to withdraw his appearance on behalf of the Commission in the consolidated Bell appeal. On August 6, 1976, that motion was denied.

The parties are now before this court as a result of our grant of leave to the Attorney General to file two petitions for *mandamus*, prohibition or supervisory order. In cause No. 48773, the Attorney General and the Comptroller request, *inter alia*, that we direct the trial court to dissolve the preliminary injunction entered in the declaratory judgment action and to strike the cause from the docket. In cause No. 48811, the Attorney General asks, *inter alia*, that we direct the trial court to expunge from the record the order denying the Attorney General leave to withdraw his appearance on behalf of the Commission in the consolidated Bell appeal.

Regarding cause No. 48811, it is the position of the Attorney General that the Commission's action in allowing Bell certain requested rate increases was "incorrect and unwarranted," that he so informed the chairman of the Commission in a letter dated July 2, 1976, that in the same letter he authorized the Commission to select counsel of its own choice and at its own expense in order to defend its action in the administrative review proceeding, and that the trial court's subsequent refusal to allow him to withdraw his appearance on behalf of the Commission was violative of his constitutional and statutory prerogatives.

At the trial level, the Commission opposed the Attorney General's motion to withdraw. However, in its answer to the petition now before this court, the Commission alleged that, in a letter dated August 12, 1976, and sent to the chairman of the Commission, the Attorney General intimated that he would include in the Commission's brief a "denunciation of the Commission's action in the Illinois Bell rate case." As a result, the Commission

feels that it "has no choice but to acquiesce in the Attorney General's insistence that he be permitted to withdraw as counsel for the Commission."

Given the acquiescence of the Commission in the relief sought by the Attorney General, we believe that it would be appropriate, under these circumstances, to permit the Attorney General to withdraw his appearance as counsel for the Commission. Consequently, we need not reach the issue of whether, absent the Commission's acquiescence, the Attorney General had the right to withdraw his representation of the Commission. The Commission also asks us to direct that its future legal fees in the case be paid from funds appropriated by the General Assembly for use by the Attorney General. However, in view of the current factual posture of the case, we do not consider this issue ripe for determination.

As to cause No. 48773, the Attorney General contends that, since the Department's motion for directions was pending in the administrative review proceedings and since the relief sought by the Department could have been obtained in those proceedings, the trial court should have declined to assert jurisdiction in the declaratory judgment action. The Attorney General argues that, as a consequence of the court's assertion of jurisdiction, "matters that could and ought to have been raised and determined before one Judge of the Sangamon County Circuit Court are currently, because of a collateral action, being heard and determined in multiple actions before separate Judges of the same Court, all in a fashion inconsistent with the orderly administration of justice and the jurisdictional system mandated by the Illinois Supreme Court." In support of his argument, the Attorney General cites our decisions in *People ex rel. East Side Levee and Sanitary District v. Madison County Levee and Sanitary District*, 54 Ill. 2d 442, and *People ex rel. Kelly, Ketting, Furth, Inc. v. Epstein*, 61 Ill. 2d 229. In response, the Department argues that *East Side Levee* and *Kelly* are distinguishable, that the

administrative review proceeding and the declaratory judgment action feature different parties and issues, and that the issue of the Attorney General's right to represent State agencies in the event of a conflict of interest is best resolved in a declaratory judgment action.

We need not and do not consider these questions, nor do we express any view regarding the Department's authority to institute and maintain the declaratory judgment action in question. During oral argument before this court, counsel for the Department acknowledged that the Department does not challenge the Attorney General's right to represent all State agencies, including the Department, absent a conflict of interest. Our determination that the Attorney General should be allowed to withdraw as counsel for the Commission will remove any existing conflict of interest which might otherwise cloud the Attorney General's right to represent the Department in the administrative review proceedings. As to the Attorney General's past conduct, the Department admitted, in response to a request for admission of facts, that neither the Attorney General nor any of his assistants had participated in the hearing before the Commission or "advocated a position on behalf of the Illinois Commerce Commission at said hearing *or at any time*." (Emphasis added.) The Department also does not dispute the fact that the Attorney General is presently voicing strong objection to the Commission's order. While the Attorney General did file an appearance and enter into a stipulation on behalf of the Commission, the Attorney General asserts, and the Department does not deny, that this was the extent of his representation of the Commission. Under these circumstances, we see no reason why the Attorney General should be precluded from representing or appointing legal representatives for the Department in the administrative review proceedings.

We note too that the Attorney General represents that, in a letter dated July 6, 1976 (a copy of which

appears in the record), he advised the Director that he was appointing Melvyn A. Reiff and Richard K. Means as sole Special Assistant Attorneys General to represent the Department in the review proceeding without compensation. The Department expresses no doubts as to the qualifications of Reiff and Means,. who have heretofore represented the State's Attorney of Cook County in the administrative proceedings. Indeed, in its response to the Attorney General's request for admission of facts, the Department admitted that Reiff and Means filed objections before the Commission to the Bell rate increase proposal, argued objections aligned with those of the Department, and "cooperated at all stages of the proceedings with the Department." Moreover, during oral argument before this court, counsel for the Department stated that James Potter, the Department's counsel of record in the consolidated Bell appeal, no longer wishes to continue in that role.

Therefore, pursuant to the supervisory authority vested in this court by virtue of article VI, section 16, of the 1970 Constitution (Ill. Const. 1970, art. VI, sec. 16), we take the following action. In cause No. 48811, the trial court is directed to vacate its order denying the Attorney General's motion to withdraw his appearance on behalf of the Commission and is further directed to enter an order allowing said motion. In cause No. 48773, the trial court is directed to dissolve the preliminary injunction heretofore entered. Since the dissolution of the injunction, and our reasons therefor, will terminate any possibility of relief for the plaintiffs on their complaint, and since the defendants seek a dismissal of the action, the trial court is further directed to enter an order dismissing the action. The writs of *mandamus* and prohibition are denied.

*Writs denied;*
*supervisory orders entered.*