336

MARY G. OPPENHEIM, Petitioner, v. CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT *et al.*, Respondents.—CHARLOTTE HAMMOND, Petitioner, v. CIRCUIT COURT OF COOK COUNTY *et al.*, Respondents.

*Opinion filed June 18, 1982.*

SIMON, J., took no part.

Jay A. Canel, Leroy G. Inskeep, and David G. Lynch, of Rudnick & Wolfe, of Chicago, for petitioner Mary G. Oppenheim.

James Walker, Ltd., of Bloomington, and William Van

Hagey, of Chadwell, Kayser, Ruggles, McGee & Hastings, of Chicago, for petitioner Charlotte Hammond.

Patrick W. O'Brien, Michael J. O'Rourke, John M. Heaphy, and Hope G. Nightingale, of Mayer, Brown & Platt, of Chicago, for respondent Max E. Meyer.

Gerald D. Mindell, of Chicago, for respondent Continental Illinois National Bank and Trust Company of Chicago.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Pursuant to Supreme Court Rule 381 (73 Ill. 2d R. 381) we allowed two motions for leave to file original petitions for writs of prohibition or *mandamus* or for the exercise of this court's supervisory authority, and consolidated the actions. In cause No. 55461, Mary G. Oppenheim, liquidating receiver (the receiver), as petitioner, named as respondents the "CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT, County of McLean, JAMES KNECHT, One of the Judges of that Court, CHARLOTTE HAMMOND, Prevailing Party." In cause No. 55474, Charlotte Hammond (Hammond) named as respondents "CIRCUIT COURT OF COOK COUNTY; HAROLD SIEGAN, One of the Judges of the Circuit Court of Cook County; MARY G. OPPENHEIM, Liquidating Receiver, MAX E. MAYER, Trustee Under Liquidating Trust Agreement of North American Asbestos Corporation; CONTINENTAL ILLINOIS NATIONAL BANK & TRUST COMPANY OF CHICAGO; and NORTH AMERICAN ASBESTOS CORPORATION."

The exhibits filed with the petitions show that in 1975 Hammond filed suit in the circuit court of McLean County against North American Asbestos Corporation (NAAC) and Cape/Overseas Ltd., its sole shareholder, seeking damages for injuries suffered by her husband, Charles Ham-

mond, while employed by NAAC. On February 26, 1981, a verdict was returned in favor of Hammond and against NAAC in the amount of $500,000. Judgment was entered on the verdict. Summons was issued directed against Continental Illinois National Bank & Trust Company (Continental) as garnishee, and an interrogatory was submitted to the garnishee inquiring whether it had on deposit funds of NAAC, or Max E. Meyer, as trustee of an NAAC liquidating trust (Meyer). The garnishee responded that it held $153,747.21 in two accounts titled "North American Asbestos Corporation Liquidating Trust" and that "there may be a third party interest in the said described account." A motion was filed by NAAC praying that the garnishment be quashed for the reason that the "judgment entered upon the jury verdict has not become final and a post-trial motion filed in apt time stays execution on that judgment ***."

On March 26, 1981, NAAC filed a post-trial motion. A hearing was held on July 7, 1981, and the motion was denied. An appeal bond was set at $600,000. Hammond's counsel moved for judgment on the garnishment, and on July 8, 1981, judgment was entered against the garnishee in the amount of $153,747.21.

On July 2, 1981, Meyer, as trustee of the liquidating trust, petitioned the chancery division of the circuit court of Cook County to appoint a receiver "to assume administrative responsibility and authority over the Liquidating Trust and its assets ***." Herbert C. Brook had resigned as trustee on May 13, 1980. The petition stated that it had become apparent to the trustee that the assets held by the trust would not be sufficient to pay all of the claimants claiming an interest in the funds, and that in order to insure an equitable distribution of the assets a receivership was necessary. A hearing was held on the petition on July 8, 1981. The next day, Judge Siegan entered an order finding that pursuant to section 86(c) of the Business Corpora-

tion Act (Ill. Rev. Stat. 1977, ch. 32, par. 157.86(c)) the court "had the power of assuming jurisdiction over the assets of the Liquidating Trust" and granting the relief prayed for in the emergency petition. The court appointed Mary G. Oppenheim receiver. The order was dated July 9, 1981, but was entered "as of July 8, 1981."

The July 9, 1981, order restrained Continental from transferring any assets of the trust. On July 10, 1981, Judge Siegan also entered an order enjoining Hammond "from effecting any execution on the judgment order which was entered on the garnishment proceedings ***." The order directed Oppenheim to amend the pleadings in order to add Hammond as a party defendant. By order entered July 17, 1981, a temporary injunction was issued enjoining Continental and Hammond from the actions prohibited by the earlier temporary restraining orders. On August 3, 1981, Hammond petitioned the circuit court of McLean County for a rule to show cause why Continental should not be held in contempt of court for failure to pay over the assets as ordered by the July 8, 1981, order. The court issued a rule to show cause. The next day, Oppenheim, in her capacity as liquidating receiver, filed a petition to intervene in this action. On August 6, 1981, Hammond filed a motion in the circuit court of Cook County seeking to vacate the order of July 9 on the grounds that there had been no bond filed as required by section 1 of "An Act concerning the appointment and discharge of receivers" (Ill. Rev. Stat. 1977, ch. 110, par. 407); and on the grounds that the court had no jurisdiction because the assets were already under the jurisdiction of the circuit court of McLean County. Hammond also moved to vacate the order of July 17, 1981, on the grounds that the circuit court of Cook County had no jurisdiction because the circuit court of McLean County had assumed jurisdiction.

On August 7, 1981, Oppenheim's petition to intervene in the McLean county action was heard and denied. Op-

penheim filed a notice of appeal. On August 7, 1981, Continental, Meyer and Oppenheim, jointly, filed a notice of appeal from the garnishment judgment entered on July 8, 1981. On August 10, 1981, Oppenheim filed a motion to amend the order entered July 9, "as of July 8, 1981," *nunc pro tunc* with respect to its failure to make any provision for a bond of the applicant. A hearing on this motion was set for August 13, 1981. On August 13, 1981, Hammond filed her response to the motion, contending that it should be denied on the ground that an order *nunc pro tunc* would not merely correct clerical error but that its effect would be to supply omitted judicial action. The circuit court of Cook County entered an order which found that "the order entered on July 9, as of July 8, 1981, ought to have been done without bond of the applicant \*\*\*." On August 14, 1981, Hammond's motions to vacate came on for hearing. Judge Siegan set a briefing schedule, and the hearing on the motions was continued until October 5, 1981. The court directed Oppenheim to file a petition for a rule directed against Hammond and her attorney ordering them to show cause why they should not be held in contempt of court for violating the July 17, 1981, order restraining Hammond from proceeding against Continental. The order provided that a hearing on the petition for rule to show cause would be held on August 24, 1981. On August 7, 1981, Oppenheim filed a petition for rule to show cause against Hammond and her attorney. On August 20, 1981, Hammond filed a petition for injunction in the circuit court of McLean County asking that court to enjoin Oppenheim, Meyer and Continental from presenting or proceeding on their petition for rule to show cause in the circuit court of Cook County and from doing any other act which would prevent Hammond from enforcing her judgment obtained in McLean County. The court issued a preliminary injunction on that day granting the relief requested.

On August 24, 1981, all parties to this action appeared

before Judge Siegan in the circuit court of Cook County. The parties agreed that the hearing on the petition for rule to show cause should be continued until September 16, 1981, and that the hearing scheduled in McLean County on that rule to show cause should be continued until September 17, 1981, so that petitions could be presented to this court.

The parties have briefed and argued a number of complex issues, many of which need not be reached in the decision of this case. Simply stated, it is Oppenheim's contention that NAAC's assets were conveyed to a valid trust and therefore were not subject to garnishment. She argues that the purpose of the trust was to put NAAC's assets beyond the reach of individual creditor's suits and preserve them for equal distribution to all creditors. She contends that although not drawn in the terms characteristic of that type of instrument, the trust agreement is an assignment for the benefit of creditors. It was therefore proper, she argues, for the circuit court of Cook County to enjoin Hammond from attempting to enforce her judgment against the assets of the receivership.

It is Hammond's position that the circuit court of McLean County properly obtained jurisdiction over the assets of the judgment debtor NAAC being held by the garnishee, that its jurisdiction was not affected by the subsequent proceedings in Cook County, that the appointment of Oppenheim as receiver was invalid, and that the temporary restraining order and temporary injunction were erroneously issued.

It is the contention of Meyer, as liquidating trustee, that NAAC's assets were conveyed to a valid trust for the benefit of all of its creditors and its stockholder and that because there was a valid assignment for the benefit of creditors the assets are not subject to garnishment. Continental, in its brief, states that it is entitled to a resolution of the conflict in which it has been placed by reason of the

inconsistent court orders, and also entitled to the reasonable costs and expenses which it has incurred as a result of the conduct of the principal parties.

We need not and do not reach the questions of the validity of the liquidating agreement as an assignment for the benefit of creditors, nor is it necessary that we consider whether the circuit court of Cook County erred in appointing a receiver without requiring a bond pursuant to the provision of the statute. The sole issue presented in the actions pending both in Cook and McLean counties is whether the funds held by Continental are subject to garnishment in satisfaction of the judgment entered in favor of Hammond.

The rule long established in this jurisdiction, as stated in *White Way Sign & Maintenance Co. v. Seltzer Pontiac, Inc.* (1974), 56 Ill. 2d 342, 344, is:

> "Garnishment is an ancillary proceeding designed to obtain satisfaction of a judgment (*Wieboldt Stores, Inc. v. Sturdy,* 384 Ill. 271, 275) and is not a distinct or separate suit from the original action for judgment (*Zimek v. Illinois National Casualty Co.,* 370 Ill. 572, 574)."

The garnishment summons and interrogatories were served on Continental on March 11, 1981, and its answers were filed on March 23, 1981. The circuit court of McLean County had jurisdiction in this cause from the inception of the original action against NAAC and over the property which is the subject of this litigation from the time of the institution of the garnishment proceeding. A garnishment proceeding is in the nature of a proceeding *in rem* (*Freeport Motor Casualty Co. v. Madden* (1933), 354 Ill. 2d 486, 489), and in *PSL Realty Co. v. Granite Investment Co.* (1981), 86 Ill. 2d 291, 307, this court said:

> "In an *in rem* proceeding, in which the court must have control of the property which is the subject matter of the suit in order to grant the relief sought, the court first acquiring control of the property is entitled to maintain and exercise its jurisdiction to the exclusion of other courts."

The garnishment act (Ill. Rev. Stat. 1979, ch. 62, par. 33 *et seq.*) provides for the adjudication of adverse claims to the property held by a garnishee, and there is nothing in the record before us to indicate that the adverse claims of Hammond, Meyer and Oppenheim cannot be adjudicated under its provisions. Similarly, the questions whether the circuit court of McLean County erred in entering judgment or in denying Oppenheim's petition for leave to intervene can be determined in the pending appeals.

Prior to July 2, 1981, there was nothing pending before the circuit court of Cook County. If and when it appears that there are other creditors of NAAC involved, there may be other issues presented, but at the time when the circuit court of Cook County acted, the only issue presented was identical with the issue involved in the garnishment proceedings. In *People ex rel. Phillips Petroleum Co. v. Gitchoff* (1976), 65 Ill. 2d 249, this court allowed a motion for leave to file an original petition for a writ of *mandamus*. A judge of the circuit court of Macon County entered an order consolidating a counterclaim pending in the circuit court of Madison County with a complaint pending in the circuit court of Macon County. A circuit judge in Madison County entered an order directing that the clerk of that court not transmit the record pertaining to the counterclaim to the circuit clerk in Macon County. The court denied the issuance of the writ but entered a supervisory order directing that the judge vacate his order which had directed the clerk of the circuit court of Madison County not to transmit the record. In so doing, the court said:

> "We need not here resolve the opposing arguments of the parties on the question whether the Madison counterclaim and the Macon action were 'pending in the same court' so as to authorize their consolidation by the Macon County judge pursuant to section 51 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 51). It is entirely clear

that the pendency before different judges of separate suits involving identical parties and issues is incompatible with the orderly and efficient administration of justice. It is equally clear that irrespective of the propriety of the Macon County order consolidating the proceedings, the refusal of the Madison County court to abide by that order was improper. One circuit judge may not review or disregard the orders of another circuit judge in the judicial system of this State (*People ex rel. Kelly, Ketting, Furth, Inc. v. Epstein* (1974), 61 Ill. 2d 229), and such action can only serve to diminish respect for and public confidence in our judiciary (*East Side Levee*, 54 Ill. 2d 442, 445).

Section 16 of article VI of the 1970 Constitution vests 'General administrative and supervisory authority over all courts' of this State in this court. In the exercise of that authority we have heretofore ordered the correction of patently erroneous action by trial judges. *People ex rel. Kelly, Ketting, Furth, Inc. v. Epstein*, 61 Ill. 2d 229; *People ex rel. Bowman v. Woodward*, 61 Ill. 2d 231." 65 Ill. 2d 249, 257.

We need not here determine whether the liquidating trustee had standing to seek the appointment of a receiver under the provisions of section 86(c) of the Business Corporation Act (Ill. Rev. Stat. 1977, ch. 32, par. 157.86(c)). We need not determine whether, as contended by Hammond, the liquidating agreement fails to qualify as an assignment for the benefit of creditors because it contains provisions which purport to limit the liability of the trustees in a manner impermissible in a common law assignment for the benefit of creditors. It suffices to say that the issue presented and the contending parties are the same in both proceedings and the matters in controversy should properly be adjudicated in the garnishment action in the circuit court of McLean County.

In the exercise of this court's supervisory authority, it is accordingly ordered that Judge Harold Siegan vacate the orders purporting to enjoin or restrain the parties from proceeding in the garnishment action in McLean County and that no further action be taken in Cook County to in-

346

terfere with orders entered in the McLean County proceedings.

*Writs denied; supervisory*
*order entered.*

JUSTICE SIMON took no part in the consideration or decision of this case.