Delora STEWART, Individually and on behalf of all others similarly situated; Delora Stewart, Administrator of the Estate of William Stewart, Deceased; Delora Stewart; Vernadine Thacker, Administrator of the Estate of Charles A. Thacker, Deceased; Vernadine Thacker; Betty J. Redman, Administrator of the Estate of George E. Redman, Deceased; Betty J. Redman; and, Delora Stewart; Vernadine Thacker, and Betty J. Redman on behalf of all others similarly situated, Plaintiffs,

v.

EGNEP (PTY) LIMITED; Cape Asbestos Fibres, Ltd.; Cape Industries, Limited, Defendants,

and

Banca Commerciale Italiana; Credit Suisse; Barclays Bank International Limited; Barclays Bank PLC; Credit Lyonnais; Lloyds Bank International Limited; National Westminster Bank PLC, Garnishees.

Nos. 83–3025 to 83–3032.

United States District Court,
C.D. Illinois,
Springfield Division.

Sept. 11, 1983.

James G. Walker, James G. Walker, Ltd., Bloomington, Ill., for plaintiffs.

Frederick V. Lochbihler, Richard A. Wohlleber, Chapman & Cutler, Chicago, Ill., James R. Potter, Londrigan & Potter, Springfield, Ill., for Credit Suisse.

Robert S. Cohen, R. Mark Mifflin, Giffin, Winning, Lindner, Newkirk, Cohen & Bodewes, Springfield, Ill., for Barclays Bank Intern., Barclays Bank PLC, Credit Lyon-

nais, Lloyds Bank Intern. Ltd., Nat. West-minster Bank PLC.

Jeremiah Marsh, Michael M. Conway, William J. McKenna, Jr., Hopkins & Sutter, Chicago, Ill., for Barclays Bank Intern. Ltd. and Barclays Bank PLC.

John Bleveans, John T. Hundley, Mayer, Brown & Platt, Chicago, Ill., for Credit Lyonnais.

Thomas P. Healy, R.R. McMahan, Lord, Bissell & Brook, Chicago, Ill., for Lloyds Bank Intern. Ltd. and Banca Commerciale Italiana.

William F. Trapp, J. Patrick Joyce, Jr., Brown, Hay & Stephens, Springfield, Ill., for Banca Commerciale Italiana.

## ORDER

J. WALDO ACKERMAN, Chief Judge.

On January 29, 1982, judgments were returned in favor of Plaintiffs against Cape Industries, Ltd., Cape Asbestos Fibres, Ltd., and EGNEP, Ltd., in the Circuit Court of the Eleventh Judicial Circuit of Illinois. These default judgments were entered in the amount of $56,825,000.00. None of the Defendants filed answers or appeared in the cases. Plaintiffs began garnishment proceedings in an attempt to collect their judgment, and garnishment summonses were issued on January 29, 1982. On April 1, 1982, at the first hearing on Plaintiffs' garnishment action, Plaintiffs' counsel filed a motion to dismiss all the garnishment actions except the one against Banca Commerciale Italiana ("BCI").[1]

On January 12, 1983, Plaintiffs initiated new garnishment actions against six garnishees (the "Banks"). On February 3 and 4 of that year, the Banks filed the petitions for removal that Plaintiffs seek to have remanded to the state court. The Banks, because their citizenship is different from that of Plaintiffs, rely on 28 U.S.C. § 1332(a)(1) as the substantive basis of their removal.

Plaintiffs do not dispute the Banks' contentions that the disputed amount exceeds $10,000 or that the requisite diversity exists. Rather, as to the Banks' removal petition, they make two arguments. First, Plaintiffs contend that the removal petition is not timely. Second, Plaintiffs argue that a garnishment proceeding is not a separate and independent civil action as defined by 28 U.S.C. § 1441.

■ Plaintiffs' argument that the removal petition was untimely is without hope. Plaintiffs' voluntary dismissal of the garnishment actions terminated the Banks' involvement in this case. At that point in the litigation, the circuit court was without power to enter orders affecting the Banks. Thus, Plaintiffs' only recourse was to institute an entirely new action against the garnishee Banks. *Bettenhausen v. Guenther,* 388 Ill. 487, 58 N.E.2d 550 (1945); *People ex rel. Scott v. Police Hall of Fame,* 60 Ill.App.3d 331, 17 Ill.Dec. 519, 376 N.E.2d 665 (1st Dist.1978). Since new garnishment proceedings were filed on January 12, 1983, and the removal petitions were filed on February 3 and 4, the case was removed within the federal time limit. 28 U.S.C. § 1446(b).

Plaintiffs' argument that a garnishment proceeding is not a separate civil action has two implications. One, only independent civil actions, and not actions ancillary to the main action, can be removed from a state court to a federal court under 28 U.S.C. § 1441. Two, if the garnishment action is not a separate and independent action, all of the Defendants must seek removal, which has not been done in this case.

■ The Supreme Court has held that removal actions concern the interpretation of a federal statute, and that a state's interpretation of the procedural provisions offered by its statutes cannot control a federal right. *Chicago, Rock Island, and Pacific Railroad Co. v. Stude,* 346 U.S.

---

**1.** The questions involving this garnishee, Case No. 83–3027, will be discussed separately in a later portion of this order.

574, 580, 74 S.Ct. 290, 294, 98 L.Ed. 317 (1954). *See also Federal Savings and Loan Insurance Corp. v. Quinn*, 419 F.2d 1014, 1018 (7th Cir.1969) (where the court stated that "the question of whether or not a controversy is a separate suit for removal purposes is ultimately a federal question involving the interpretation application of the removal statutes.") Therefore, the state courts' determination that the garnishment proceedings are ancillary, *see, e.g., Oppenheim v. Circuit Court*, 91 Ill.2d 336, 343, 63 Ill.Dec. 438, 438 N.E.2d 176 (1982), does not control this Court's decision.[2] In this case, the garnishees apparently have interests and defenses separate from those interests and defenses of the judgment creditors. Under these circumstances, "cases following [the] modern rule have universally held that garnishment proceedings are 'civil actions' which are removable where diversity and jurisdictional amount are present." *Moore v. Sentry Insurance Co.*, 399 F.Supp. 929 (S.D.Miss. 1975). The Banks are not attempting to defend against the allegedly tortious actions of the judgment creditors. They apparently intend to defend on the basis that garnishment is not proper. This is an interest and defense that is separate from any defense the judgment creditors could have made in the initial action. If the proper requirements are met, these actions are removable even though a state regards the garnishment action as ancillary to the main suit. *Randolph v. Employers Mutual Liability Insurance Co. of Wisconsin*, 260 F.2d 461, 463 (8th Cir.1958). Accordingly, Plaintiffs' motions to remand cases 83–3025, 83–3027, 83–3028, 83–3029, 83–3030, 83–3031, and 83–3032 are denied.

■ I will now discuss BCI's motion to dismiss. BCI is the only garnishee before the Court who was not voluntarily dismissed out of the original garnishment proceeding. In the state court proceedings,

BCI argued that it held no property of the judgment debtors in Illinois. BCI objected to Plaintiffs' demands for information concerning the deposits of the judgment debtors outside the United States. On January 26, 1983, Plaintiffs moved for a fifty-six million dollar *in personam* judgment against BCI because it refused to answer the garnishment summons. Ill.Rev.Stat. ch. 110, § 12–706 allows a court to enter a conditional judgment, for the amount due the judgment debtor, against a garnishee who fails to appear or answer. Section 12–706 permits a garnishee to answer the conditional judgment summons, and demand "the same proceedings as may be had in other cases." Thus, BCI now has a right to a trial on the claim of fifty-six million dollars. Even though BCI submitted itself to the state court's jurisdiction, it is now faced with a substantially new and different cause of action. *Fletcher v. Hamlet*, 116 U.S. 408, 410, 6 S.Ct. 426, 427, 29 L.Ed. 679 (1886); *Cliett v. Scott*, 233 F.2d 269, 271 (5th Cir.1956); *Hearst Corp. v. Shopping Center Network, Inc.*, 307 F.Supp. 551, 555 (S.D.N.Y.1969). For the first time BCI is faced with fifty-six million dollars of personal liability, instead of an order to turn over one of its depositor's assets.

In this case, where the trial has not started and there is essentially a new lawsuit, there is no indication how BCI might have fared in the state courts. Thus, removal grants BCI no tactical advantage. Also, there is no waste of resources or time where state proceedings have been insubstantial. *Compare, Wilson v. Intercollegiate (Big Ten) Conference Athletic Association*, 668 F.2d 962 (7th Cir.1982). In *Northwest Federal Employees Federal Credit Union v. Dorothy Barnett Ray*, No. 79–C–67 (N.D.Ill. April 19, 1979), a case with facts substantially similar to this one,

---

2. Plaintiffs reliance on *American Automobile Insurance Co. v. Freundt*, 103 F.2d 613 (7th Cir. 1939), is inapposite. The *Freundt* case, which is now forty-four years old, dealt with the Federal Declaratory Judgment Act, and did not discuss the removal statute. Under these facts, any

holding of *Freundt*, as it concerns the existence of an independent civil action under 28 U.S.C. § 1441, would be mere orbiter dictum. Plaintiffs cite no other federal decisions that held an Illinois garnishment proceeding to be ancillary relief in the context of a removal.

the court allowed removal. I find Judge Marovitz's logic persuasive.

Accordingly, for the reasons previously stated, Plaintiffs' motion to remand Case No. 83–3027 is denied.