2021 IL App (1st) 201300-U

No. 1-20-1300

Order filed October 25, 2021

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| PAMELA ISAAC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County, Illinois. |
| | ) | |
| v. | ) | No. 18 M1 128419 |
| | ) | |
| KIM AND PAUL GELLERT, | ) | Honorable |
| | ) | Martin Paul Moltz |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE WALKER delivered the judgment of the court.
Justices Pucinski and Coghlan concurred in the judgment.

**ORDER**

¶ 1    *Held*: Successor judge had authority to entertain motion to dismiss despite the prior judge's denial of such motion. Appellant did not present complete record of the lower court proceedings to support claims of error.

¶ 2    Appellant Pamela Isaac appeals the decision of the circuit court to dismiss her complaint

against appellees Kim and Paul Gellerts (collectively, "the Gellerts"). The Gellerts argued that

Isaac's complaint should be dismissed pursuant to collateral estoppel and *res judicata*. Isaac argues

that the circuit court's dismissal was procedurally improper and that collateral estoppel and *res judicata* do not apply. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4        On August 1, 2014, Isaac entered into a lease agreement with the Gellerts. The rent was $1175 per month, and Isaac paid a security deposit of $1600. Additionally, Isaac signed an addendum to the lease for a garage rental at a rate of $225 per month.

¶ 5        On December 23, 2016, Isaac filed a complaint against the Gellerts for a claim of retaliatory non-renewal of lease. The complaint was dismissed with prejudice on June 12, 2017.

¶ 6        In 2017, the Gellerts filed a forcible entry and detainer action seeking to evict Isaac from the property. On December 7, 2017, an agreed order was entered dismissing the complaint with prejudice and sealing the record.

¶ 7        On August 22, 2018, Isaac filed the present complaint. She alleged that on July 23, 2017, the Gellerts removed her personal belongings and changed the locks to the property. Isaac filed an amended six count complaint on January 10, 2019. Count I was for Wrongful Eviction in Violation of Forcible Entry Detainer Act, Count II for Intentional Trespass, Count III for Conversion, Count IV for Failure to Return Security Deposit, Count V for Fraud, and Count VI for Unjust Enrichment.

¶ 8        On June 19, 2019, the Gellerts filed a motion to dismiss pursuant to section 2–619 of the Code of Civil Procedure (Code) (735 ILCS 5/2–619 (West 2018)). The section 2-619 motion asserted *res judicata* and collateral estoppel. The Gellerts alleged that in 2017 they sought to evict Isaac due to nonpayment of rent. An order for possession and money judgment was entered on June 29, 2017, but the money judgment was later vacated. On December 7, 2017, the parties agreed to dismiss the matter and seal the record on the condition that the Gellerts not pursue a money

judgment and Isaac not file any more actions against them and waive any rights to a security deposit. Judge Dennis McGuire denied the motion.

¶ 9 On September 20, 2019, the Gellerts filed a motion to reconsider. Judge McGuire denied that motion on November 14, 2019. Subsequently, the Gellerts filed an answer to the amended complaint.

¶ 10 At a hearing held on August 27, 2020, Judge Martin Moltz presided over the case due to Judge McGuire's unavailability. The Gellerts presented an oral motion for dismissal based on collateral estoppel and *res judicata*. The circuit court denied the motion based on *res judicata* but dismissed Isaac's complaint pursuant to collateral estoppel. Isaac filed a motion to reconsider, which was denied.

¶ 11 This timely appeal followed.

¶ 12 II. ANALYSIS

¶ 13 We first note that the Gellerts did not file an appellee brief in this matter. We may decide the merits of the appeal without the aid of the appellee's brief if the record is simple, and we can discern the claimed errors without the aid of the appellee's response brief. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) ("if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief, the court of review should decide the merits of the appeal").

¶ 14 A motion to dismiss under section 2–619 "admits the legal sufficiency of the plaintiffs' complaint but asserts an affirmative defense or other matter that avoids or defeats the plaintiffs' claim." *DeLuna v. Burciaga*, 223 Ill.2d 49, 59 (2006). A section 2–619 motion affords litigants a means of disposing of issues of law and easily proved issues of fact at the outset of a case. *Van*

*Meter v. Darien Park District*, 207 Ill.2d 359, 367 (2003). Our review of the circuit court's dismissal of a complaint pursuant to section 2–619 is *de novo*. *Id.*

¶ 15    On appeal, Isaac first argues that the circuit court's dismissal of her complaint was procedurally improper. Specifically, Isaac contends that Judge Moltz erred in granting the Gellerts' oral motion to dismiss at the August 27, 2020, hearing after Judge McGuire had previously denied it. She maintains that the oral motion was not made within the "time for pleading" within the meaning of section 2-619(a) of the Code. See 735 ILCS 5/2-619(a) (West 2018) (stating a defendant may file a motion to dismiss "within the time for pleading").

¶ 16    A "trial court has the discretion to allow the withdrawal of an answer and the subsequent filing of a tardy motion to dismiss based on a defense not raised in the answer." *In re Custody of McCarthy*, 157 Ill. App. 3d 377, 380 (1987). Further, a circuit court does not abuse its discretion in allowing a late pleading where the opposing party does not suffer prejudice. *Id.* at 381.

¶ 17    Here, Isaac does not, and cannot, argue that she was prejudiced by the court entertaining the Gellerts' motion. The Gellerts raising the issues of collateral estoppel and *res judicata* were clearly not a surprise since, as Isaac acknowledges, they previously raised those issues. As Isaac suffered no prejudice, the circuit court did not abuse its discretion in hearing the Gellerts' oral motion to dismiss.

¶ 18    Next, Isaac analogizes this case to *People ex rel. Kelly, Ketting, Furth, Inc. v. Epstein*, 61 Ill.2d 229 (1974), to argue that Judge Moltz effectively sat in review of the orders entered by Judge McGuire. In *Epstein*, a circuit court judge in the law division heard and granted the plaintiff's motions for orders restraining the transfer of certain funds. *Id.* at 230. The plaintiff served upon defendants notice of its intent to appear before the same judge and seek a temporary injunction.

*Id*. Plaintiff was later notified that certain defendants would present an emergency petition in the same case to a judge in the chancery division seeking to vacate the orders and to enjoin plaintiff from proceeding with its motion for injunctive relief. *Id*. The chancery division judge found that the law division judge erroneously exercised chancery jurisdiction and entered 'defective' orders; he then enjoined plaintiff from proceeding further until jurisdiction and authority was determined. *Id*.

¶ 19 Our supreme court directed the chancery division judge to vacate his order and dismiss the motions of defendants. *Id*. at 231. The *Epstein* court opined that defendants' remedy was to appeal and that the chancery division judge should have declined to act. *Id*. at 230-31. The court stated that "[r]eview of the orders of one judge by another judge of the same court in the same case is neither consistent with the orderly administration of justice nor with our judicial system." *Id*. at 231.

¶ 20 This case is easily distinguishable from *Epstein*. In *Epstein,* our supreme court "disapproved of one judge reviewing interlocutory orders entered by another judge where there is evidence of bad faith or 'judge shopping' by the party who obtains an adverse ruling." *Rowe v. State Bank of Lombard*, 125 Ill.2d 203, 214 (1988). Here, there is no evidence of bad faith by the Gellerts in presenting their oral motion. Nor is there evidence of "judge shopping." The record shows that Judge Martin Moltz presided over the case due to Judge McGuire's unavailability. The Gellerts did not seek out Judge Moltz or any other judge.

¶ 21 Moreover, Judge Moltz had the authority to entertain the Gellerts' motion. The circuit court's denial of a section 2–619 motion to dismiss is an interlocutory order that is not final and appealable. *Bailey v. Allstate Development Corp*., 316 Ill.App.3d 949, 956 (2000). An

interlocutory order may be modified or revised by a successor judge at any time prior to final judgment. *Id.* "[A] judge acts within the bounds of his or her authority when reconsidering a prior ruling in the same case by a different judge, so long as the record lacks evidence of bad faith or 'judge shopping' by the movant seeking reconsideration." *Swain v. City of Chicago*, 2014 IL App (1st) 122769, ¶ 10. Since there is no evidence of bad faith or 'judge shopping,' the circuit court dismissal of Isaac's complaint was not procedurally improper.

¶ 22    Isaac's second argument is that collateral estoppel and *res judicata* do not apply. Unlike the previous issue, we cannot decide the merits of this argument without the aid of the appellee's brief. The record shows that a hearing took place on August 27, 2020, whereby the circuit court dismissed Isaac's complaint pursuant to collateral estoppel. On appeal, Isaac failed to provide a transcript of that hearing for this court to review. The appellant has the burden of presenting a sufficiently complete record of the lower court proceedings to support any claims of error; absent such records, we presume that the circuit court's order conforms with the law and is supported by a sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Accordingly, we must resolve any doubts arising from an incomplete record against the appellant. *Id.*

¶ 23    Without the report of proceedings from the August 27, 2020, hearing, this court has no knowledge of what arguments the parties made before the circuit court or what testimony or evidence was presented. In the Gellerts' written motion to dismiss, they alleged that the parties agreed to dismiss the matter on the condition that the Gellerts not pursue a money judgment and Isaac not file any more actions against them and waive any rights to a security deposit. If true, these facts would be relevant to a collateral estoppel analysis. However, we do not know whether the Gellerts made this same argument or presented any additional evidence in support of their

claim. The record contains the August 27, 2020, order dismissing the case with prejudice, but this written order does not contain extensive reasoning or fact findings. Consequently, we do not know the factual findings or reasoning underlying the circuit court's ruling. Considering these circumstances, we must presume that the circuit court acted in conformity with the law and that its rulings were proper given the evidence before it. *Id*.

¶ 24                                    III. CONCLUSION

¶ 25    For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 26    Affirmed.